(120 N. W. 878.)

---

## H. D. LANDIS v. ROY V. FYLES.

Opinion filed March 10, 1909.

Rehearing denied April 6, 1909.

**Bills and Notes — Sufficiency of Evidence.**

1. Action on a promissory note. Judgment for plaintiff. Evidence examined, and *held* sufficient to justify the judgment.

**Trial — Requested Instructions.**

2. Instructions must be given or refused as requested.

**Same.**

3. Failure to instruct that appellant was entitled to 7 per cent interest per annum on all counterclaims allowed him by the jury from maturity to the date of the verdict was not, under the circumstances, reversible error.

**Same — Duty to Request More Specific Instructions.**

4. If appellant desired more explicit instructions than were given by the court, they should have been presented to the court in writing, with the request that they be given.

Appeal from District Court, Sargent county; *Allen* J.

Action by H. D. Landis against Roy V. Fyles. From a judgment for plaintiff, and an order denying a new trial, defendant appeals.

Affirmed.

*O. S. Sen* and *J. E. Bishop,* for appellant.

*W. S. Lauder,* for respondent.

CARMODY, J. This action was brought in the district court of Sargent county to recover on a promissory note for $151.61, dated January 1, 1905, due January 1, 1906, payable to respondent, signed and delivered by appellant. This note was given in part for money loaned in 1902, for a stove and other articles sold by respondent to appellant. It was a renewal of a couple of other notes. The complaint is in the ordinary form to recover on a promissory note. The answer admitted the execution and delivery of the note as alleged; but interposed six counterclaims. The first involves board and lodging furnished plaintiff in March and April, 1902, in the amount of $11.43; the second, board and lodging furnished respondent's wife in March and April, 1902, in the amount of $22.85; the third, board and lodging furnished respondent's two minor children in March and April, 1902, in the amount of $22.86; the fourth, barn room furnished respondent for his cow for five months, ending on May 1, 1903, in the amount of $5; the fifth, services rendered by the wife of appellant in nursing respondent's minor child two weeks in April and May, 1902, in the amount of $30, and assigned to appellant; the sixth, services rendered by Mrs. J. K. Taylor in keeping and caring for respondent's minor child Clara for four months, ending on January 12, 1904, in the amount of $40, and assigned to appellant. The case was tried in the district court of Sargent county before Judge Allen and a jury. It was admitted on the trial that plaintiff was entitled to recover the face of the note sued on, and interest, amounting in all to $180.78, subject to the counterclaims, amounting in all, with interest, to $174.40, as claimed by the defendant. The jury found a verdict for plaintiff for the sum of $108.95, allowing the defendant on his several counterclaims the sum of $71.83.

At the time the transactions involved in this action took place, the appellant and respondent were brothers-in-law, their respective wives being sisters, and were also sisters of Mrs. J. K. Taylor. The three families appear to have been on friendly terms. Later on the wife of respondent died. The evidence in this case shows that previous to March, 1902, respondent resided on a farm near Fairmount in this state. Appellant resided in the village of Milnor, Sargent county. In March, 1902, respondent rented his farm and

came to Milnor with his wife and three minor children, a boy, Arthur, aged 14 years, and two girls, Clara and May, aged respectively 7 and 2 years, and stayed with appellant during the time mentioned in the first three counterclaims. While there respondent's youngest daughter died. On the 15th day of April, 1902, respondent became proprietor of a hotel in Milnor, which he conducted until late in the fall of that year. During the time respondent lived on his farm appellant's wife visited there, remaining 8 or 9 days, after which respondent took her to the home of her parents, who resided a few miles distant. During the time respondent and his family stayed with appellant in the village of Milnor he furnished some of the provisions for the house. At the time respondent's cow occupied room in appellant's barn, as stated in his counterclaim, appellant had no cow, and the milk given by the cow was divided about equally between both families. While respondent was conducting the hotel, appellant's family and Mrs. Taylor frequently took meals there for which no charge was made. While respondent was keeping the hotel his minor daughter Clara was taken ill and, at his request, appellant's wife nursed and cared for her for two weeks, as stated in the fifth counterclaim. In September, 1903, respondent's wife died. His minor daughter, Clara, was then taken by Mrs. Taylor, and by her kept and cared for until January 12, 1904, Appellant contends that respondent at his own instance obtained the goods or things and services rendered him, as alleged in said counterclaims, the reasonable value thereof, with legal interest computed from the time each item became due to the date of the verdict, being $174.40, which sum is a legal set-off against the note sued on; while respondent contends that the things and services mentioned in the counterclaims were gratuitously furnished him by appellant, it being conceded that no special contract had been entered into between them, and that no claim had been made on respondent by appellant until just prior to the commencement of this action, which was January 30, 1906.

At the proper time appellant requested the court to give nine instructions, the second of which is as follows: "If you find from the evidence, in considering the first counterclaim, that the plaintiff, Mr. Landis, boarded with defendant between March 25, and April 14, 1902, both dates inclusive, as claimed by the defendant, for a period of two weeks and six days, then you will ascertain the reasonable value of such board per week, and upon the amount so found

you will figure the interest at the rate of 7 per cent. per annum from and since the 14th day of April, 1902, to the present time, and you will set that down as the amount of the first counterclaim." The third, fourth, fifth, sixth and seventh requests are in practically the same language, and referred to the other five counterclaims. The court refused to give any of the nine instructions requested. The appellant assigns as error the refusal of the court to give these instructions, or the substance of them. This assignment is not well taken. If the court gave the instructions at all he would have to give them without modification or change, unless modified or changed by consent of appellant. Se section 7021, Rev. Codes, 1905, and cases cited in note thereto.

Request No. 1 was, in substance, given to the jury. The other eight requests were all incorrect, in that they all assumed that if appellant, his wife and Mrs. Taylor furnished respondent board and services, as alleged in the counterclaims, he would as a matter of law, be liable for the reasonable value of such board and services, and withdrew from the jury entirely the question as to whether they were rendered gratuitously or for pay. He also assigns as error the failure of the court to instruct that, if the jury found for defendant in any amount on all or any of the counterclaims, they should compute the interest on such amount, or amounts, from maturity thereof until the date of the verdict at the rate of 7 per cent. per annum. No proper request was made for such an instruction. It would have been proper for the court to instruct the jury that appellant was entitled to seven per cent interest on all items in the counterclaims allowed him, and it would undoubtedly have done so if properly requested. If appellant had desired more explicit instructions on the subject, they should have been properly presented to the court in writing with the request that they be given. Carr et al. v. Soo Ry. Co., 16 N. D. 217, 112 N. W. 972. Neither did he, on his motion for a new trial, call the court's attention to its failure to instruct the jury that appellant should be allowed interest on the counterclaims allowed him.

Appellant contends that the evidence is insufficient to justify the verdict. An examination of the record convinces us that he is in error, and that there is ample evidence to sustain such verdict.

Other errors, both as to the admission of evidence, and as to instructions given by the court to the jury, are assigned by appellant, but under our view of the case it is unnecessary to consider them.

We are fully satisfied that the charge of the court embraced a fair and impartial exposition of the law applicable to the facts in the case, and we are satisfied that no substantial rights of the appellant have been prejudiced, either by the court's instructions to the jury, or by its refusal to give instructions requested by appellant, or by its ruling on the admission of evidence.

The question as to whether appellant was entitled to anything on his counterclaim, and how much, was for the jury.

Finding no prejudicial error in the record, the order and judgment appealed from are affirmed.

Morgan, C. J., and Fisk and Spalding, JJ., concur.

Ellsworth, J. (dissenting). In this case the trial court instructed the jury that there was due upon the cause of action set out in the complaint the sum of $151.61 with interest at 8 per cent. per annum, amounting, at the time of trial, to $180.85. At the proper time in the course of the trial the defendant requested the court to give certain instructions in reference to his counterclaims, in all of which it was specified that the different causes of action set out as counterclaims should bear interest at the rate of 7 per cent. per annum from the time they accrued. The trial court refused to give each of these instructions, for the reason that each contained misstatements of the law applicable to the case. In the instruction given, however, the court, while instructing the jury that the counterclaims is sustained by the evidence might be allowed, entirely failed to mention that any sum recovered upon the counterclaims should bear interest at the rate of 7 per cent. per annum, or at any rate, from the time the cause of action accrued. My associates in their opinion find that it would have been proper for the court to instruct the jury that appellant was entitled to 7 per cent. interest on all items in the counterclaims allowed him, but hold that, before he can assign as error the failure of the court to so charge, it was his duty to call the court's attention to such instruction, by presenting to the court at the proper time a request in writing that such instruction be given. I cannot agree with my associates that it is incumbent upon a party, in the courts of this state, to request an instruction upon a material point of law applicable to the case. That the recovery of interest upon a debt arising out of contract, express or implied, is a proper and material point is conceded in the majority opinion. If the charge of the court had

fairly covered this point, and appellant desired more explicit instructions, it would unquestionably have been his duty to prepare them in proper form, and request the court to give them. The entire failure of the court, however, to instruct upon a material point whether requested or not, is error so affecting the rights of the appellant that, in my opinion, the judgment appealed from should be reversed.

By the law of this state a district court is not required to instruct upon the evidence or the facts of the case, except so far as it is necessary to bring clearly before the jury the points of law involved. The statute provides in express terms, however, that "the court in charging a jury shall instruct as to the law of the case." Section 7021, Rev. Codes 1905. This means that "it is the duty of the court to present to the jury the substantial issues in the case, and to state to them the principles of law governing the rights of the parties, whether any specific instructions are requested by counsel or not." Barton v. Gray, 57 Mich. 622, 24 N. W. 638. It is therefore not optional or discretionary with the district court whether or not it will instruct upon law points applicable to the issues. The parties may expect such instruction as a matter of right, and a failure to give it is ground for new trial. When the question is raised as in this case that a material point of the law applicable to the case has not been touched by the charge of the court, it is not a sufficient answer to say that no such instruction has been requested. It is only in cases in which the charge as given can be said to fairly cover every point of law pertinent to the case that a request for further instruction is necessary in order to bring the matter to the attention of the court. The territorial Supreme Court has settled the law upon this point, in its holding that "it is the duty of the court to charge the jury, whether requested or not, upon every point material to the decision of the case upon which there is evidence, and to charge correctly and fully." Moline Plow Company v. Gilbert, 3 Dak. 239, 15 N. W. 1. The ruling in the case of Carr v. Railroad Company, 16 N. D. 217, 112 N. W. 972, cited in the majority opinion, is not in conflict with the rule last quoted, as in that case it is expressly found that the charge of the court fairly covered the law applicable to the case.

To hold that a district court is not required to instruct on one material point leads naturally and inevitably to the conclusion that it is not required to instruct on any material point; or, in other words,

that it may decline or neglect to instruct at all. It is needless to state that such a conclusion, is wholly repugnant to our system of jurisprudence. "To submit a case to a jury without any directions to guide them from the court would be to reach a result almost as uncertain as the toss of a copper or the throw of dice. It may not be said that counsel did not request instructions, and that therefore it was not obligatory on the court to give any. Such a view does not accord with our conception of the functions and duties of the judge. He should see that every case goes to the jury so that they have clear and intelligent notions of precisely what it is that they are to decide. His charge is their chart and compass." Owen v. Owen, 22 Iowa, 270. While the trial court in the case at bar was justified in refusing to give the instructions requested by appellant, the repeated mention of interest in these instructions may be fairly said to have called the court's attention to the point that interest should be allowed upon any sum that appellant might recover upon his counterclaims. That the amount of interest which might have been allowed upon these counterclaims was perhaps trivial should not affect the principle that appellant was entitled to an instruction upon this as upon every other material point of law presented by his causes of action. The fact that such instruction was given with regard to plaintiff's cause of action, and omitted with reference to appellant's, is not wholly consistent with the absolute fairness which should characterize every charge to a jury.

I believe, therefore, that the judgment appealed from should be reversed, and a new trial ordered, and dissent from the contrary holding of my associates.