## FRED C. STOLL v. J. R. DAVIS.

### (144 N. W. 443.)

Plaintiff is real estate agent; defendant owner of a tract of land containing 2,560 acres situated in Emmons county, North Dakota. Defendant caused to be circulated a poster offering to pay $1 an acre commission to any person who first closed a satisfactory deal. Plaintiff found a purchaser and the sale was made satisfactory to defendant. This suit is for commission of $1 per acre, and defendant claims that sale was not made under the terms of the circular, but upon a subsequent agreement between himself and plaintiff, whereby plaintiff agreed to receive nothing whatever for his services. Trial was had to a

Note.—The authorities on the question of the performance of a contract by a real estate broker to find a purchaser or effect an exchange of his principal's property are collated in a note in 44 L.R.A. 593. And as to when a real estate broker has earned his commission, generally, see note in 139 Am. St. Rep. 225.

jury and judgment was had by plaintiff. Defendant appeals and excepts to: the charge given by the court to the jury.

**Jury trial — charge of court — must be taken as a whole — mere excerpts not sufficient for reversal.**

1. The court charged the jury, among other things, as follows: "Did the defendant agree to pay the plaintiff $2,560, or a dollar an acre, for selling the land in question? If you are satisfied that there was such an agreement made, then it is your duty to bring in a verdict in favor of the plaintiff." Elsewhere in the charge the court went fully into the question of contracts in general, and this contract in particular, and, we think, fully covered that subject. The case will not therefore be reversed upon a mere excerpt from the charge.

**Charge of court — reversal — mere excerpts.**

2. The court instructed the jury as follows: "For it is for you to say whether or not in this case the plaintiff has established his case, or convinced you jurymen by a preponderance of testimony that there was a binding contract entered into between these parties whereby the defendant agreed to pay the plaintiff $2,560 as commission for the sale of the land in question. If you are satisfied, as I intimated a moment ago, that the plaintiff has proved to your satisfaction that there was such a contract, then it is your duty under your oath to bring in a verdict in favor of the plaintiff." This instruction was excepted to, that they failed to present to the jury the necessity of the contract being performed by the plaintiff, in that it fails to state that before the plaintiff will be entitled to recover he must first sell the land according to the terms of said contract. This also was a mere excerpt from the charge, and this court will not reverse the judgment when the whole charge fully covers the subject as it does in this case.

**Charge of court — interest on amount — objection — first made in supreme court — will not be considered.**

3. It is argued for the first time in this court that the trial court instructed the jury to find interest due to the plaintiff in case he recovered, and that this is error because interest rests in the discretion of the jury. This objection was not incorporated in the exception to the charge, and was not called to the attention of the trial court at the time of the motion for a new trial. Therefore it will not be considered upon this appeal.

Opinion filed November 15, 1913.   Rehearing denied December 15, 1913.

Appeal from the District Court of Emmons County, *Winchester,* J.

Affirmed.

*Armstrong & Cameron* (*Newton, Dullan, & Young,* of counsel), for appellant.

Every claim of defense must be recognized; and where material evidence, or issues, theories, or defenses are ignored by the court, the instructions are erroneous.    Walter A. Wood Mowing & Reaping Mach. Co. v. Bobbst, 56 Mo. App. 427; Fiore v. Ladd, 25 Or. 423, 36 Pac. 572.

The case should be submitted to the jury on the theory of both parties.    Swope v. Schafer, 9 Ky. L. Rep. 160, 4 S. W. 300; State v. Williams, 94 Minn. 319, 102 N. W. 722; Blashfield, Instructions to Juries, § 100.

All phases of the case, under the evidence, should be covered by the charge, in a complete and impartial manner.    11 Enc. Pl. & Pr. 190, 191; 38 Cyc. 1626–1629, and cases cited; First Nat. Bank v. Currie, 44 Mo. 91; Chicago Consol. Traction Co. v. Schritter, 222 Ill. 364, 78 N. E. 820; Steele v. Crabtree, 130 Iowa, 313, 106 N. W. 753; Logan v. Lake Shore & M. S. R. Co. 148 Mich. 603, 112 N. W. 506; Illinois Terra Cotta Lumber Co. v. Hanley, 214 Ill. 246, 73 N. E. 373; Craig v. Miller, 133 Ill. 300, 24 N. E. 431; Thompson v. Boden, 81 Ind. 179; Cushman v. Cogswell, 86 Ill. 65; State v. Meshek, 51 Iowa, 311, 1 N. W. 685; Gallagher v. Williamson, 23 Cal. 332, 83 Am. Dec. 114; Remy v. Olds, 4 Cal. Unrep. 240, 34 Pac. 216; Everett v. Richmond & D. R. Co. 121 N. C. 519, 27 S. E. 991; Bering Mfg. Co. v. Femelat, 35 Tex. Civ. App. 36, 79 S. W. 869; Gilmore v. Courtney, 158 Ill. 440, 41 N. E. 1023; Kearney v. Snodgrass, 10 Or. 183; McClory v. Lancaster, 44 Ill. App. 214; Ludwig v. Petrie, 32 Ind. App. 553, 70 N. E. 280; Carruthers v. Towne, 86 Iowa, 325, 53 N. W. 240; Terry v. Shively, 64 Ind. 112; Burnham v. Stone, 101 Cal. 173, 35 Pac. 627; Weiss v. Bethlehem Iron Co. 31 C. C. A. 363, 59 U. S. App. 627, 88 Fed. 30, 5 Am. Neg. Rep. 537; Edgar v. McArn, 22 Ala. 796; Beale v. Hall, 22 Ga. 431; Dignan v. Spurr, 3 Wash. 309, 28 Pac. 529; Gamble v. Mullin, 74 Iowa, 99, 36 N. W. 909; Dikeman v. Arnold, 71 Mich. 656, 40 N. W. 42; Chicago, R. I. & P. R. Co. v. Buckstaff, 65 Neb. 337, 91 N. W. 426.

The trial judge should not omit instructions upon any material point covered by the evidence in the case, however slightly, merely because counsel has not requested same.    The charge of the court is for

the guidance of the jury. Capital City Brick & Pipe Co. v. Des Moines, 136 Iowa, 254, 113 N. W. 835; Chattanooga & D. R. Co. v. Voils, 113 Ga. 361, 38 S. E. 819; York Park Bldg. Asso. v. Barnes, 39 Neb. 834, 58 N. W. 440; Rowell v. Vershire, 62 Vt. 405, 8 L.R.A. 708, 19 Atl. 990; Buck v. Squiers, 23 Vt. 498; Haigler v. Adams, 5 Ga. App. 637, 63 S. E. 715; Gowdey v. Robbins, 3 App. Div. 353, 38 N. Y. Supp. 280; Low v. Hall, 47 N. Y. 104; Central R. Co. v. Harris, 76 Ga. 501; Garrett v. Gonter, 42 Pa. 143; Hice v. Woodard, 34 N. C. (12 Ired. L.) 293; Boon v. Murphy, 108 N. C. 187, 12 S. E. 1032; State v. Pennell, 56 Iowa, 31, 8 N. W. 686; Wilson v. Commercial Union Ins. Co. 15 S. D. 322, 89 N. W. 649.

The theory of each party to the case, under the evidence, should be so covered and presented to the jury by the charge as will enable the jury to recognize it, and to know precisely what they are told to decide. 38 Cyc. 1629; McNulta v. Jenkins, 91 Ill. App. 309; Pardridge v. Cutler, 168 Ill. 513, 48 N. E. 125; Linn v. Massillon Bridge Co. 78 Mo. App. 118.

*Charles S. Lane* and *Sutherland & Payne,* for respondent.

There must be a foundation laid for assignment of error by proper and timely exceptions, or same cannot be reviewed. Hedderich v. Hedderich, 18 N. D. 488, 123 N. W. 276; Pease v. Magill, 17 N. D. 166, 115 N. W. 260; Paulsen v. Modern Woodmen, 21 N. D. 235, 130 N. W. 231.

Points must be saved by clear and explicit exceptions. Galloway v. McLean, 2 Dak. 372, 9 N. W. 98; Kennedy v. Falde, 4 Dak. 326, 29 N. W. 667; State v. Campbell, 7 N. D. 58, 72 N. W. 935.

Where a party considers the instructions of the court incomplete, or where they fail, in his opinion, to cover any material point, it is his duty to call the court's attention to same, and request further instructions. Landis v. Fyles, 18 N. D. 587, 120 N. W. 566; Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 217, 112 N. W. 972; 38 Cyc. 1693; Garrigan v. Kennedy, 19 S. D. 11, 117 Am. St. Rep. 927, 101 N. W. 1081, 8 Ann. Cas. 1125; Belknap v. Belknap, 20 S. D. 482, 107 N. W. 692; Connell v. Canton, 24 S. D. 572, 124 N. W. 839; Lunschen v. Ullom, 25 S. D. 454, 127 N. W. 463; 38 Cyc. 1693.

It is the duty of counsel to call the court's attention to any material

omission or oversight in its charge to the jury. "If he is silent when he should speak, he ought not to be heard when he should be silent." McPherrin v. Jones, 5 N. D. 261, 65 N. W. 685; Boon v. Murphy, 108 N. C. 187, 12 S. E. 1032.

BURKE, J. During the year 1909 plaintiff was engaged as a real estate agent in Wisconsin and South Dakota. At the same time defendant was the owner of a tract of land containing 2,560 acres situated in Emmons county, North Dakota. During that year the defendant circulated a poster offering the said tract for sale at $15 per acre, and also wrote to the plaintiff inclosing a circular and containing the following language: "Am now offering it for sale on the ten year or crop payment plan, as per circular inclosed, for good reasons as set forth in my circular. I am anxious to sell, and with that end in view would be willing to consider a limited amount of wild land or even a small farm that would not tie me down too much, on the deal, and as an inducement am willing to pay a commission of $1 per acre to the party who first closes a satisfactory deal." After some further correspondence the plaintiff produced a purchaser named Green, who finally bought the Emmons county tract, paying therefor partly in an Illinois farm. So far the facts are not in dispute, but regarding the negotiations that led up to the sale there is a sharp dispute. The defendant testified that while the negotiations were under way, and when it seemed that the trade would fall through on account of disagreement between principals as to the price of the Illinois land, that plaintiff and defendant agreed that if the deal should be made on the terms proposed at that time by the man Green that plaintiff should not receive any commission from the defendant whatever. The plaintiff, however, denies such conversation and insists that he is entitled to $1 an acre because he furnished a purchaser who bought the land on terms satisfactory to the defendant. It was thus apparent that, at the close of the trial, there was but one issue of fact to be submitted to the jury, namely, whether or not the offer of $1 an acre mentioned in defendant's letter to plaintiff was withdrawn prior to the consummation of the sale. Upon this question the trial court instructed the jury in the language set forth later in the opinion, and the jury found

for the plaintiff. The defendant appeals and assigns two errors predicated upon instructions of the trial court.

(1) The instructions were given orally by agreement of parties, and two exceptions were filed within twenty days after filing thereof. The defendant made no request for instructions, nor did he intimate to the trial court any objections to those given while the jury was still in the court room. The exceptions are, first, the defendant excepts to the following instructions given by the judge to the jury: "Did the defendant agree to pay the plaintiff $2,560, or a dollar an acre, for selling the land in question? If you are satisfied that there was such an agreement made, then it is your duty to bring in a verdict in favor of the plaintiff for $2,560 and interest thereon at the rate of 7 per cent per annum from the time that the deal was completed, from the time you find, if you do find, that the plaintiff was entitled to commission." Which instruction was excepted to for the reason, as alleged, that it failed to present to the jury the necessity of the contract being performed by the plaintiff, in that it fails to state that before the plaintiff will be entitled to recover, he must first sell the said land according to the terms of the said contract. In disposing of this exception we deem it proper to say that, even if given alone, this instruction was proper and commendable. It is the duty of the trial court to simplify for the jury as much as possible; lengthy and confusing instructions upon issues not involved tend to confuse rather than enlighten the jury. In the case at bar, both parties had testified that the plaintiff had sold the land according to the contract, and had furnished a buyer who was satisfactory to the defendant. No issue was therefore left thereon for the jury. Besides, the appellant has taken a mere excerpt from the charge of the judge upon the point. The trial court, in his instructions to the jury, went fully and fairly into the question of contracts in general and in this particular case, and says: "In determining whether there was a contract between these two parties, you will bear in mind what the requisites are to a contract, and what is necessary in order that you may find that there was a contract. It must be free, it must be mutual, it must be communicated by each to the other. In determining whether these requisites were present in the land contract, you will call to mind the testimony in the case and determine whether or not they did exist with reference to the alleged contract between the

parties. . . . Now, under the law which I have read to you, it becomes necessary for you, gentlemen of the jury, to call to mind the testimony to which you have listened, and determine therefrom whether or not there was a complete contract between these parties as to the payment by the defendant to the plaintiff of a commission of $2,560. Did the minds of the two parties meet? Was the consent mutual? To put it into a little plainer language, did the defendant agree to pay the plaintiff $2,560, or a dollar an acre, for selling the land in question? If you are satisfied that there was such an agreement made, then it is your duty to bring in a verdict in favor of the plaintiff. . . . If, on the other hand, you are satisfied that the minds of the parties did not meet, . . . then, in that case, your verdict will be in favor of the defendant and against the plaintiff, and with reference to this matter let me charge you further that the plaintiff is bound under the law in such a case to make out his case by preponderance of testimony. . . ." There is much more of the judge's charge relating to this matter which cannot be given in this opinion through lack of space. What we have quoted amply justifies the rule adopted by this court that exceptions to small parts of the judge's charge will not be considered alone, but that the entire charge must be read together in determining whether or not the appellant has been prejudiced.

(2) The second exception filed was as follows: Defendant excepts to that part of the instructions which states the law as follows: "For it is for you to say whether or not in this case the plaintiff has established his case, or convinced you jurymen by a preponderance of testimony that there was a binding contract entered into between these parties whereby the defendant agreed to pay the plaintiff $2,560 as commission for the sale of the land in question. If you are satisfied, as I intimated a moment ago, that the plaintiff has proved to your satisfaction that there was such a contract, then it is your duty under your oath to bring in a verdict in favor of the plaintiff for $2,560 and interest, as I have hereinbefore stated." Which instructions are excepted to for the same reasons and on the same grounds as those set out in the first exception herein. And in disposing of the second exception we have nothing more to say than we have said in answer to the first exception, as the issues are practically the same. The extract from the judge's charge correctly states the issue before the jury,

and in the absence of specific objection is full enough. Besides, we cannot assume that it has not been fully covered by the trial court.

(3) Upon the argument in this court appellant for the first time calls attention to the question of interest, and insists that the jury should not have been instructed positively to include interest in the verdict, but that it was their privilege to allow interest if they so desired. This objection was not incorporated in the exception to the charge, and was not called to the attention of the trial court when he was asked to pass upon the motion for a new trial, and therefore it will not be considered by us. Supporting the principles that we have followed are Brickwood's Sackett, Instructions to Juries, vol. 1, § 165; Landis v. Fyles, 18 N. D. 587, 120 N. W. 566; Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 217, 112 N. W. 972; State ex rel. Pepple v. Banik, 21 N. D. 417, 131 N. W. 262; 38 Cyc. 1693.

The objections of the appellant being without merit, the judgment of the trial court is affirmed.