[File No. 6688.]

FLORENCE BAGG, Respondent, v. OTTER TAIL POWER COMPANY, a Corporation, Appellant.

(297 N. W. 774.)

Opinion filed April 28, 1941.

*Forbes & Forbes* and *Field & Field,* for appellant.
*Clifford Schneller,* for respondent.

BURR, Ch. J. This is an appeal from the judgment and from the order of the trial court denying appellant's motion for judgment notwithstanding the verdict or for a new trial.

Plaintiff alleges: that while driving eastward on Seventh Avenue North in the city of Wahpeton, and while in the intersection of that avenue with Fourth Street, there was a collision between the car she

was driving and a truck owned and operated by the defendant; that the driver of the truck, approaching this intersection from the north and to plaintiff's left, operated the truck in a careless and negligent manner, without due regard to the rights of others; and exceeding the speed limit, drove into the intersection from the left of the plaintiff, colliding with her car; and that she suffered damage in the sum of $165.

The defendant admits there was this collision, but denies any negligence on the part of the driver of the truck, claiming the collision was caused by the negligence and carelessness of the plaintiff, which so contributed to the collision as to prevent her recovering. As a counterclaim, defendant asked judgment against the plaintiff for damages in the sum of $70. The reply denies the allegations in the answer.

At the close of plaintiff's case, and at the close of the entire case, the defendant moved the court to direct a verdict in its favor on the ground that plaintiff wholly failed to prove her cause of action, "and upon the further ground that the evidence shows that the plaintiff was guilty of contributory negligence as a matter of law." These motions were denied, the case was submitted to the jury, and a verdict was returned in favor of the plaintiff for $100. Judgment was entered thereon, and defendant moved for judgment notwithstanding the verdict or for a new trial. This motion being denied, the appeal was taken.

The basic contention of the appellant is founded on the assertion that the plaintiff was guilty of such contributory negligence as precludes recovery on her part. Two of the specifications of error are based on this contention, and, in addition, it is alleged the court erred in failing to give to the jury the following instructions requested by the defendant:

No. 1. "If you find that the plaintiff was careless or negligent and that such carelessness or negligence proximately contributed to the accident, that is what is known in law as contributory negligence on the part of the plaintiff and, in that event, the plaintiff cannot recover and your verdict must be for the defendant."

No. 2. "If you find that both the plaintiff and the defendant were careless or negligent and that the carelessness or negligence of both

the plaintiff and the defendant proximately contributed to the accident, neither party can recover from the other, and your verdict must be for the defendant."

No. 3. "The law requires the operators of motor vehicles upon the public highways to use due care under the circumstances and to see and observe other vehicles using the highways, and failure to do so constitutes negligence under the law."

These requested instructions deal with an issue in the case, and, if proper statements of the law, should have been given without modification or change, unless the equivalent was fairly and properly stated and given. See Landis v. Fyles, 18 N. D. 587, 590, 120 N. W. 566, 567.

It is the duty of the trial court to fully and fairly instruct the jury on the law governing the issues involved, and each party has a right to request the court to charge on certain matters believed to be involved. The court will not instruct on matters not in issue, even though requested to do so, nor give requested instructions that are erroneous or insufficient; nor is the court required to charge in the precise language requested by the party.

While our statute, § 7620 of the N. D. Compiled Laws 1913, gives to either party the right to request instructions, and provides that such instructions "must be written on a separate sheet and may be given or refused by the court, and the court shall write on the margin of such requested instruction given by him the word, 'given,' and on the margin of those which he does not give he shall write the word, 're-fused,' and all instructions asked for by the counsel shall be given or refused by the court without modification or change, unless modified or changed by consent of counsel asking the same;" nevertheless, the court is not required to give "requested instructions in the order as requested; nor does the statute prevent the court from instructing upon the theory of the opponent's case in connection with each separate requested instruction, as to the subject-matter of each request, that both sides of the case may be covered without repetition, when all matter embraced in requests is covered by instructions formulated by the court, or when the requested instructions are given in terms as requested." Fawcett v. Ryder, 23 N. D. 20, 21, 135 N. W. 800, 801, 3 N. C. C. A. 153.

In the charge to the jury, the court carefully defined the duties, responsibilities, rights, and privileges of the drivers of cars while on the public highways. The court charged that a "person driving a vehicle upon the highway shall drive the same at a careful and prudent speed, not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and of any other conditions then existing; and no person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb or property of any person."

The court then defined the rate of speed permitted by law, but showed that the driver was not entitled necessarily to proceed at that speed, but must reduce speed when the rate of speed permitted would be unsafe. The court charged:

"Our law also provides that when two vehicles approach or enter an intersection at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.

"Our law further provides that the driver of a vehicle approaching but not having entered an intersection shall yield the right of way to a vehicle within such intersection."

The court went further into the doctrine of the right of way, and showed that a driver approaching an intersection was not required to wait for a car coming from the right, except that when the two cars would meet at the intersection approximately at the same time, the car at the right had the right of way. The court further charged that all drivers approaching an intersection "should approach such intersection with caution and with due regard to the circumstances and conditions, and that the party approaching has a right to presume that the other automobile approaching at the same time will also have due regard and caution in entering such intersection and will have his automobile under proper control.

"I also instruct you that although one car had the right of way its driver may not in the exercise of that privilege wholly disregard other wayfarers but must exercise reasonable care with respect to all, and that although a driver may have the right of way it is still his duty to take every reasonable precaution to avoid a collision with another automobile which may not have the right of way."

The court carefully instructed the jury that even if a driver ap-

parently had the right of way, nevertheless, this did not necessarily give him the right of way against all cars approaching from the left, for if the latter, coming at a lawful rate of speed, will pass the intersection first, "then the driver at the right has no right of way over such car on the left."

The court further instructed the jury:

"If, after a careful consideration of the evidence, you find that the plaintiff was negligent and that her negligence contributed to the collision and therefore to the damage of both the car and truck, then in such event the plaintiff cannot recover.

"I instruct you further that if upon a fair consideration of the evidence you should determine that both the driver of the Plymouth Sedan and the driver of the Ford Pickup Truck were equally negligent and that because of the negligence of both of these drivers the collision occurred, then in such event the plaintiff could not recover, nor could the defendant recover upon its counterclaim."

It is not necessary to cite authority showing the court may refuse a requested instruction when the matter is already fully and fairly covered by the charge given by the court, even though the requested instruction enunciates correct legal principles. A reference to Vollmer v. Stregge, 27 N. D. 579, 147 N. W. 797, and Collard v. Fried, 41 N. D. 242, 170 N. W. 525, is sufficient.

It is clear from a review of the written instructions submitted to the jury that there was no error on the part of the court in refusing to give the instructions requested. The principles enunciated therein were fully and fairly stated in the charge. The instructions given were as favorable to the defendant in form and substance as the requested instructions. There were no exceptions taken to the charge, the specifications of error in this respect being that the instructions requested fairly set forth the rights of the defendant, and that the same were not fully and fairly stated to the jury.

Appellant advances five propositions and we deal with these as a whole.

I. "Where there are no obstructions to the view or distracting circumstances at an intersection, failure to look for cars on the intersecting highway, or, having looked, failure to see what must be plainly observable, constitutes contributory negligence as a matter of law.

II. "Due care requires the driver of a motor vehicle at an intersection to have his car under control, and to at least attempt to slow up, stop, or turn to the right or left, to avoid a collision.

III. "The fact that a driver may have the benefit of the statutory right of way does not excuse failure to look and see to the left on the intersecting highway, or failure to attempt to avoid a collision in the intersection.

IV. "A driver cannot claim to rely upon, or to make miscalculations based upon, facts of which he is ignorant and which he has not seen.

V. "Defendant's requested instructions were not adequately or accurately covered in the general charge."

Appellant urges that the precise point involved in the first section has never been decided by this court, and gives us the benefit of its research among the decisions of Illinois, Michigan, Minnesota, New Hampshire, New Jersey, Pennsylvania, South Dakota, and Wisconsin, in general sustaining this proposition.

This court has passed upon a similar proposition dealing with a collision between a train and a horse-drawn vehicle. In Rattie v. Minneapolis, St. P. & S. Ste. M. R. Co. 55 N. D. 686, 215 N. W. 158, this court shows that the evidence of the driver that he looked in the direction, but did not see an approaching train, would be disregarded when the evidence conclusively showed from the very nature of the terrain that if he had looked, he would have seen.

But the problem in the case at bar is not as simple as appellant assumes it to be, for it assumes contributory negligence as a matter of law. The appellant proceeds on the theory the evidence shows conclusively that there was such contributory negligence on the part of plaintiff as precludes her recovery. This assumption, of course, admits negligence on the part of appellant, such negligence as would entitle the plaintiff to recover unless her own negligence so contributed to the collision as to prevent her from recovering. The negligence of the defendant having been established, it was the duty of the jury to scan carefully the actions of the plaintiff and see whether, under the law of the case and under the rules of common sense and common prudence, she could have avoided an accident and injury to her car.

Contributory negligence is an affirmative defense and presupposes negligence on the part of the defendant (Hustad v. International Oil

Co. 52 N. D. 343, 350, 202 N. W. 814, 816) ; but no recovery can be had when an injury is due to the negligence of both parties. West v. Northern P. R. Co. 13 N. D. 221, 229, 100 N. W. 254, 256; Sherlock v. Minneapolis, St. P. & S. Ste. M. R. Co. 24 N. D. 40, 50, 138 N. W. 976, 979.

That negligence, whether contributory or primary, is a question of fact, never of law, unless the established or conceded facts from which the inference must be drawn *admit* of but one reasonable conclusion, has been so long established as a principle of law that we need not discuss the proposition. Reference to Cameron v. Great Northern R. Co. 8 N. D. 124, 77 N. W. 1016; Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359; Pendroy v. Great Northern R. Co. 17 N. D. 433, 117 N. W. 531; Krause v. Wilton, 40 N. D. 11, 168 N. W. 172; Martin v. Parkins, 55 N. D. 339, 213 N. W. 574, is sufficient.

The standard to be used in determining whether or not a plaintiff has been guilty of such contributory negligence as will defeat a recovery is whether the actions of the plaintiff were those of an ordinarily prudent person under the same circumstances and in the same position. Heckman v. Evenson, 7 N. D. 173, 73 N. W. 427. See also Morrison v. Lee, 16 N. D. 377, 113 N. W. 1025, 13 LRA(NS) 1025. Under the facts in this case it was the duty of the court to submit the question of contributory negligence to the jury.

The testimony of the plaintiff is to the effect that she was traveling on Seventh Avenue, toward the intersection with Fourth Street, at a rate between 15 and 20 miles an hour; she was looking ahead and saw no cars coming; she looked to the left and saw no car; she looked to the right to see if there was any car coming; there was no car in the intersection when she reached it; and when she reached the middle of the intersection, she noticed the driver of the truck, attempting to pass in front of her; he was coming from the north, and there was a collision of the cars. Apparently the truck driver came in on her left after she had glanced toward the left.

The evidence shows the condition of the sides of the street upon which the plaintiff was driving, the number of houses, the obstructions, if any, the distance along Fourth Street plaintiff could see to the left at certain points from the intersection if she had looked. There was evidence showing the driver of the defendant's truck was coming at

an excessive rate of speed. A witness, McChesney, testified as to the truck driver's movements. Calculation will show how many feet per second a truck traveling at the rate at which the truck driver was coming would cover.

Of course, there is a conflict as to the rate of speed of each car. The driver of the truck says that when he was 50 feet from the intersection, he looked to his right, and he saw plaintiff's car about 150 feet away, and that she was traveling about 35 miles an hour. His estimate of his own speed is that he was going 15 or 20 miles an hour. According to him she was three times as far from the intersection as he was, and if his testimony is correct, then he would be through the intersection before she would reach it. The questions of distance and speed were important. There is substantial conflict on these matters. Plaintiff says she was going 15 to 20 miles an hour and reached the intersection first.

A driver of a car, when approaching an intersection, must also look for cars coming on the right-hand side, knowing that ordinarily these would have the right of way.

The plat furnished by the defendant shows that the plaintiff was traveling east on Seventh Avenue, and defendant's truck was going south on Fourth Street; the collision took place in the southeast quarter of the intersection. When the cars came to rest, the truck was at the southeast corner of the intersection, with the front of the truck facing southwesterly and the rear of the truck facing northeasterly. The plaintiff's car was facing in a southeasterly direction, with its front up against the right side of the truck. This is the statement as set forth by the appellant, and we will accept that, even though there may be some vagueness or dispute in regard to the exact location of the cars. Clearly, therefore, not only was the plaintiff on the right side of the street, the side on which she should have traveled, but also she had passed the center of the intersection. The driver of the truck says he turned to the left in an attempt to avoid a collision. It appears to be quite clear that had the driver of the truck been keeping a lookout for cars on his right, he could have slowed up sufficiently to pass to the rear of plaintiff's car. He had the same opportunity to glance to his right along Seventh Avenue that plaintiff had to glance along Fourth Street to her left. Plaintiff had the right of way, if both care ap-

proached the intersection at approximately the same time, and unless there was a vast difference in the rates of speed, they did approach at approximately the same time. Even if the plaintiff had been looking all the time for cars approaching from the left, the jury were justified in assuming that even if she had seen the truck coming, she would proceed on the theory the driver of the truck would observe the rule of the road and not try to pass in front of her.

The matter was submitted to the jury under proper instructions. The jury passed upon the facts and absolved plaintiff from contributory negligence; the trial court reviewed the testimony and agreed with the jury. Neither the trial court nor this court can say from the evidence, under all the circumstances of the case, that it was the duty of the plaintiff to keep her eyes glued to the left on the assumption that some driver of a truck would be proceeding unlawfully, and that it would be her duty to assume this and give him the right of way.

There was sufficient evidence from which the jury could find plaintiff was not guilty of contributory negligence so as to preclude recovery. The verdict of the jury is conclusive on this point; and, therefore, the judgment and the order appealed from are affirmed.

CHRISTIANSON, MORRIS, BURKE, and NUESSLE, JJ., concur.