No. 43,883

William Holle, Jr., *Appellee*, v. William M. Lake, (*Defendant*), and Charles E. Lake, Jr., *Appellant.*

(898 P. 2d 300)

Opinion filed January 23, 1965.

*Charles L. Davis, Jr.,* of Topeka, argued the cause, and *Robert F. Galloway, Edward F. Wiegers* and *Keith W. Sprouse,* all of Marysville, and *Byron M. Gray* and *Maurice D. Freidberg,* both of Topeka, were with him on the brief for the appellant.

*Floyd E. Gehrt,* of Topeka, argued the cause, and *D. Edward Davis* and *Robert L. Roberts,* both of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is a damage action for personal injuries sustained by the plaintiff while attempting to stop a moving truck which had been parked on a highway by one of the defendants in the action. The case was tried to a jury which returned a verdict for the plaintiff in the sum of $4,414.27. Appeal has been duly perfected from a judgment entered thereon, and numerous errors have been assigned.

Only those questions material to a disposition of the appeal will be considered. They are: First, whether Charles E. Lake, Jr., a minor defendant, was properly served with summons; and second, whether the trial court properly instructed the jury concerning the "rescue doctrine."

Charles E. Lake, Jr. (defendant-appellant) at all times material to this litigation was a minor. Service of summons was made upon Charles E. Lake, Jr. personally, and upon William M. Lake as his guardian. Charles had lived with his grandfather, William M. Lake (also made a defendant in the action and served with summons as such) for a period of ten years during which the grandfather assumed parental control and stood in the relationship of "*loco parentis*" to Charles. The grandfather had never adopted Charles and there was no showing that he had ever been appointed his legal guardian. Edward F. Wiegers, the attorney defending Charles, was appointed guardian *ad litem* by the trial court after Charles was served with summons.

Insofar as the record discloses Charles had no parents in the state of Kansas upon whom service of summons could be made. The record is silent as to whereabouts or existence of his natural parents.

At the time of the accident in question both Charles and William Holle, Jr. (plaintiff-appellee) were working for William M. Lake, who was named a co-defendant in the original action but released by the jury which absolved him of any negligence. Charles was driving his grandfather's truck, loaded with turkeys, when a turkey escaped from the truck. By reason thereof the truck was stopped and parked on a small incline. Both Charles and William Holle, Jr. got out of the truck to catch the turkey, when the truck commenced moving downhill.

Holle then jumped on the running board of the truck to keep it from running into an embankment on the side of the highway. The truck was left in gear and as it rolled the motor "turned over" causing the truck to jerk, throwing Holle under the rear wheel of the truck, thus resulting in his injuries.

The evidence disclosed there was no person in sight that could be injured by the runaway truck, and that had Holle just let the truck go it would have hit the embankment in the ditch and stopped.

The direction in which the truck was moving was away from Charles and Holle.

At no time in the trial court did the appellant Charles challenge the jurisdiction of the trial court on the ground that the service of process upon him as a minor was defective. This question is being raised for the first time on appeal.

It must be conceded that a jurisdictional question of this nature may be raised for the first time on appeal in the Supreme Court.

The point presently under consideration is controlled by *Dougan, Administratrix v. McGrew*, 187 Kan. 410, 357 P. 2d 319, 86 A. L. R. 2d 1174. There the provisions of G. S. 1949, 60-408, which authorize service of process on minors, were before the court for construction. Upon the factual situation it was impossible to obtain service of process upon the parents of a minor defendant within the state of Kansas because his parents resided in the state of Missouri. Furthermore, no guardian had been appointed for the minor in the state of Kansas. The court held service of process upon the minor valid, saying:

"The section then took its present form in R. S. 1923, 60-408. This one-hundred-two-year history indicates a legislative intent to equate service upon a minor and his natural guardian in all respects with that upon an adult. (See, *Walkenhorst v. Lewis*, 24 Kan. 420; and *Land Co. v. Cole*, 52 Kan. 790, 35 Pac. 827.) It must be emphasized, and we repeat, 60-408, *supra*, in its present form permits service upon a minor who has no living parent or legally appointed guardian, his legal rights being fully protected by the appointment of a guardian *ad litem*.

.   .   .   .   .   .   .   .   .   .   .   .   .

"Having given careful consideration to the decisions heretofore cited and the legislative history of 60-408, *supra*, as reflected upon the statutory enactment as it presently appears, we hold the provision, 'If there be a natural or legally appointed guardian for such minor, . . . service shall also be made in the same manner upon such guardian,' implies that there *be such guardian upon whom service of process can be obtained 'in the same manner' as service upon the minor*. In other words, this being an action *in personam* in a Kansas court, the provisions of 60-408, *supra*, do not require service of process upon the natural guardian, a nonresident, who cannot be served in Kansas, and who cannot be served with valid process in the state of his residence. Under these circumstances, the statute contemplates that personal service of summons upon the minor is sufficient to confer jurisdiction upon the trial court over the minor defendant in the action. . . ." (pp. 416, 417.)

Assuming that service of process upon William M. Lake, the grandfather, as the "natural guardian" of Charles was void (See, *Paronto v. Armstrong*, 161 Kan. 720, 171 P. 2d 299), the trial court nevertheless did appoint a guardian *ad litem* after service of process upon the minor. It thereby fully complied with the provisions of 60-408, *supra*, and acquired jurisdiction over the minor defendant. In such situation the minor's rights are fully protected by the appointment of a guardian *ad litem*.

Apparently the appellant takes the position that the record must affirmatively show why service of process was not made upon a

natural guardian of the minor, before service of process upon the minor is valid under 60-408, *supra.* This relates to the burden of proof.

We think if service of process upon a minor is valid, the record need not disclose why the service is valid. If such service of process is challenged, either in the trial court or in the Supreme Court on appeal, it becomes the burden of the party attacking the service to prove its invalidity by a sufficient record on appeal.

The contributory negligence of the appellee Holle in attempting to stop the runaway truck was a material issue in this case. A demurrer to the plaintiff's evidence in the lower court was overruled, and it must be said the evidence upon the issue of contributory negligence properly called for its submission to the jury.

As to contributory negligence under the so-called rescue doctrine, the appellant requested the following instruction:

"The law presumes that every person will at all times use ordinary care for his own safety. One who is aware of a danger and fails to use ordinary care to avoid injury therefrom is guilty of contributory negligence. This rule is subject to a limitation where a person risks danger in order to rescue another person from peril, based on the principle that it is commendable to save life. It is the law that one who sees a person in imminent and serious peril caused by the negligence of another, cannot be charged with contributory negligence in risking his own life or serious injury to himself in attempting to effect a rescue, provided that the attempt is not recklessly or rashly made. In other words, in attempting to save the life of another, one is justified in exposing himself to danger in a manner that under ordinary circumstances would deprive him of legal redress for the injuries sustained; but he cannot rashly or recklessly disregard all consideration for his own personal safety without being guilty of contributory negligence. *However, a person is not excused of contributory negligence merely in an effort to save property.*" (Emphasis added.)

The trial court's instruction No. 9 was identical in all respects to the above requested instruction except that it omitted the last sentence which is italicized.

By the court's instruction No. 10 the jury was instructed:

"No. 10.

"It is not contributory negligence for a plaintiff to expose himself to danger in a reasonable effort to save a third person *or the land or chattels of himself or of a third person from harm.* It is for the jury to determine from the evidence whether the plaintiff used due care and acted as a reasonably prudent man would act under the same or similar circumstances." (Emphasis added.)

The substance of the foregoing instructions given by the court was directly contrary to the appellant's request—that a person is not

excused of contributory negligence merely in an effort to save property. In doing so, we think the trial court instructed contrary to the law of Kansas. Both the pleadings and the evidence adduced at the trial warranted the giving of a correct instruction on the point.

The rescue doctrine in Kansas has been held to be applicable to excuse contributory negligence only where an attempt is made to rescue persons from peril. It has not been applied to rescue property from peril.

Before the turn of the century in the landmark case of *Condiff v. K. C. Ft. S. & G. Rld. Co.*, 45 Kan. 256, 25 Pac. 562, the rescue doctrine was announced in the following language:

"We are in full accord with the decision announced in *Eckert v. Railroad Co.*, 43 N. Y. 502, and similar cases, that 'the law has so high a regard for human life it will not impute negligence to an effort to preserve it unless made under circumstances constituting rashness in the judgment of prudent persons;' *but where a person voluntarily places himself, for the protection of property merely, in a position of danger, we are not prepared to say that he is not negligent. . . ."* (pp. 260, 261.) (Emphasis added.)

Although the double negative used by the court in the italicized portion of the foregoing quotation may have conveyed doubtful meaning, the subsequent decision of *Smith v. Ice and Delivery Co.*, 117 Kan. 485, 232 Pac. 603, clarified the point by summarily stating the rule as follows:

"The law treats the voluntary risking of one's own life as negligence *per se* if the purpose is merely to protect property, but not if it is to save human life. . . ." (p. 486.)

Other decisions tending to confirm this statement of the law are *Parnell v. Security Elevator Co.*, 174 Kan. 643, 258 P. 2d 288; *Brock, Administrator v. Peabody Cooperative Equity Exchange*, 186 Kan. 657, 352 P. 2d 37; and *Jobst v. Butler Well Servicing, Inc.*, 190 Kan. 86, 372 P. 2d 55. (See, also, 38 Am. Jur., Negligence, § 228, p. 912.)

The appellee seeks to justify the trial court's instructions in the case on the ground that the evidence disclosed the appellee was quite concerned with the various possibilities, such as someone else coming down the road.

On the evidence, however, it was apparent the truck, had it been left alone, would have gone into an embankment on the side of the road, and it was admitted that so far as the appellee could see down the road, there was no other person or vehicle on the highway.

In order to justify one in risking his life or serious injury rescuing another person from danger, the peril threatening the latter must be

imminent and real, and not merely imaginary or speculative. There must be more than a mere suspicion that an accident to some person may follow if a rescue is not performed. (38 Am. Jur., Negligence, § 228, pp. 912, 913.)

Accordingly, we hold the trial court erred in failing to properly instruct the jury as above indicated on an issue vitally material to a decision in the case.

Other points raised by the appellant are immaterial to a decision on this appeal.

The evidence is such that this court cannot say as a matter of law the appellee was guilty of contributory negligence. Therefore, the judgment of the lower court is reversed with directions to grant the appellant a new trial.