Ardel WOLFF, Individually and as Trustee for the North Dakota Workmen's Compensation Bureau, Plaintiff, Appellant, and Cross-Respondent,

v.

Dudly LIGHT, Defendant, Respondent, and Cross-Appellant.

Civ. No. 8528.

Supreme Court of North Dakota.

June 23, 1969.

Mackenzie & Jungroth, Jamestown, for plaintiff, appellant, and cross-respondent.

Wattam, Vogel, Vogel & Peterson, Fargo, for defendant, respondent, and cross-appellant.

STRUTZ, Judge.

This is the second time that this case has come before this court. The opinion on the first appeal will be found in 156 N.W.2d 175 (N.D.1968). In that case, the plaintiff appealed from a summary judgment entered on motion of the defendant. This court, in a divided opinion, held that in cases involving issues of negligence, contributory negligence, assumption of risk, and proximate cause, where the standards of the reasonable man must be applied to conflicting testimony or, even where there is no dispute as to the facts, where inferences may be reasonably drawn from the evidence to indicate that an issue of fact does exist, summary judgment should not be granted. Consequently, the summary judgment appealed from was reversed and the case was remanded for trial.

Upon trial of the action, the jury returned a verdict for the plaintiff in the sum of $6,500, and judgment was entered thereon. After entry of judgment, the defendant moved for judgment notwithstanding the verdict or, in the alternative, for a new trial, setting forth numerous specifications of insufficiency of the evidence and errors of law. The plaintiff, on his part, filed a motion for new trial on the issue of damages alone or, in the alternative, for additur increasing the verdict of the jury by $3,117.-74, the amount of the special damages claimed by the plaintiff, the jury having failed to award any special damages in its verdict.

The trial court ordered judgment for the defendant notwithstanding the verdict for the plaintiff. It further ordered, if the judgment notwithstanding the verdict should be reversed on appeal, that the defendant's alternative motion for new trial be denied as well as the plaintiff's motion for additur, and that the plaintiff have a new trial on the issue of damages alone.

The plaintiff takes this appeal from the judgment notwithstanding the verdict, while the defendant cross-appeals from that portion of the judgment notwithstanding the verdict which provides that if judgment in favor of the defendant notwithstanding the verdict should be reversed, then the defendant's motion in the alternative for a new trial be denied and the plaintiff's motion for new trial on the issue of damages alone be granted.

The facts in this case are not in serious dispute. The defendant, accompanied by his wife and small daughter, had driven from Bismarck to Jamestown, where he stopped at the 94 Gas Station and Cafe to have his automobile serviced. While the servicing was being done, he, together with his wife and daughter, went into the cafe to eat. Because of the extreme cold, he placed a book on the accelerator to keep the motor running while the car was being serviced and while he and his family were in the cafe eating. After eating, the defendant decided to drive the car to the door of the cafe so that his wife and daughter would not have to walk any great distance in the bitter cold. He started driving toward the cafe, a distance variously estimated by witnesses to be between twenty-five and thirty-five

feet. The accelerator stuck and, in spite of the application of brakes, the car inched forward, striking the molding which held the glass in place in the large window of the cafe, breaking the window.

There is some contention on the part of the defendant that the plaintiff has failed to produce any evidence which establishes that the defendant was negligent. The plaintiff, on the other hand, assumes that the defendant was negligent in breaking the window, since the jury found for the plaintiff on this issue. The plaintiff consequently places most of his emphasis on this appeal upon the question of his own contributory negligence.

In support of his appeal, the plaintiff lists three issues to be considered by this court:

1. Is a decision of the Supreme Court a binding precedent upon the district courts?

2. Was the defendant free from negligence as a matter of law?

3. Was the plaintiff guilty of contributory negligence?

We will discuss the issues listed as 1 and 3 before turning our attention to the issue of the defendant's negligence, for if the plaintiff was negligent, as is contended by the defendant, it is immaterial whether the defendant himself was negligent. So, without considering whether the evidence is sufficient to find the defendant negligent, we first will consider the other issues raised on this appeal.

██ The plaintiff asserts that the decision of this court is binding upon the district courts of this State on issues of law, and that since this court found on the former appeal that there was evidence which would support a verdict for the plaintiff, the jury's verdict on issues of fact is final. What the majority held on the former appeal is that there was a sufficient showing, by way of pleadings, depositions, admissions, affidavits, and interrogatories, and inferences which could be drawn therefrom, to warrant submission of the case to a jury. Our decision on the former appeal did not establish that evidence which might be produced on a trial of the case would, as a matter of law, require a finding for the plaintiff, nor that a finding for the plaintiff by the jury would not be subject to order granting judgment notwithstanding the verdict, on proper motion.

██ We would point out that the same evidence was not before the jury, that had been before this court on the former appeal. This court held that a summary judgment should not have been granted, and should not be granted in negligence cases generally, even where there is no dispute as to the evidence, if reasonable inferences can be drawn from the evidence from which a jury might find the defendant negligent; and that even where there is no dispute as to the evidence, a jury should be permitted to say whether the defendant's conduct meets the standard of a reasonable man. Wolff v. Light, 156 N.W.2d 175 (N.D. 1968). A summary judgment is based upon pleadings, depositions, admissions, affidavits, and interrogatories, and inferences to be drawn therefrom.

But this court, by holding on the former appeal that summary judgment should not have been granted and that the case should have been submitted to a jury, did not determine that the plaintiff, in every case where the evidence is such that a summary judgment should not be granted, should have judgment on the trial of the action. The same evidence was not involved on the trial of this case as was submitted to the trial court on motion for summary judgment. For example, the showing of the plaintiff at the time of the motion for summary judgment was that there were several people in the cafe at the time, with an inference that these persons were in imminent danger from falling glass. The evidence at the trial, however, disclosed that there were only the cook and one waitress in the cafe, besides the defendant and his family, and that none of these was near the broken

window at the time the plaintiff came into the cafe and tried to remove the glass.

Statements might be made in the showing upon which the motion for summary judgment was based which the evidence produced at the trial will not sustain. Or it may be apparent to the trial court, after seeing and hearing the witnesses, that the plaintiff has wholly failed to establish a prima facie case. Thus there is no rule that would prohibit the trial court from granting judgment notwithstanding the verdict, even though the motion for summary judgment has been denied on appeal to this court. Where this court, on appeal from summary judgment, found that there were some facts supporting the plaintiff's claim in the pleadings, depositions, interrogatories, affidavits, and admissions, and in inferences to be drawn therefrom, so that the motion for summary judgment should not have been granted, this does not determine that such decision of this court overruling summary judgment and ordering a trial will bar the trial court from granting a motion for judgment notwithstanding the verdict if, in the judgment of the trial court, such motion should be granted after all of the evidence has been produced and considered.

We next consider whether the motion for judgment notwithstanding the verdict was properly granted in this case by the trial court. In other words, was the plaintiff guilty of contributory negligence as a matter of law? In considering this issue, we will assume, for the moment, without deciding the issue, that the defendant was negligent in causing the breaking of the cafe window.

The plaintiff asserts that he comes within the rule of law that conduct which ordinarily might be considered as contributory negligence may not be so considered where the person injured is attempting to save another person from imminent danger of personal injury. He cites and strongly relies upon the Michigan case of Parks v. Starks, 342 Mich. 443, 70 N.W.2d 805 (1955). A careful reading of the *Parks* case will show

that it was decided on the theory that it came under an exception to the contributory-negligence rule, which exception provides that one who sees a person in imminent peril, caused by the negligence of another, cannot be charged with contributory negligence as a matter of law in risking his own life or serious injury while attempting to effect a rescue, provided such attempt is not recklessly or rashly made.

We find this rule set forth in 38 Am.Jur., Negligence, Section 228, page 912, as follows:

> "The general rule that one who is aware of a danger and fails to exercise ordinary care to avoid injury therefrom is guilty of contributory negligence which precludes him from a recovery against the person whose negligence was responsible for the peril is subject to a limitation where the exposure to danger was for the purpose of rescuing a person from peril."

The same rule is found in 65A C.J.S. Negligence § 124, page 83, where we read:

> "Under the rescue doctrine, conduct which might otherwise be considered contributory negligence may not be so considered where a person is injured in attempting to save others from imminent danger of personal injury or death."

■■ Thus the general rule is that one who is aware of danger and fails to exercise ordinary care to avoid injury is guilty of contributory negligence, which will preclude his recovery for such injury. But this rule is subject to an exception where his exposure to danger was for the purpose of rescuing someone in imminent peril. In other words, one who attempts to rescue another from imminent peril is justified in exposing himself to such danger in a manner that ordinarily would be contributory negligence, provided the attempted rescue is not rashly or recklessly made.

In *Parks, supra,* cited and relied upon by the plaintiff, the defendant motorist, late at night, had run into pillars supporting a

canopy over gasoline pumps at a service station. The canopy was left without proper support, and the owners of the station were notified immediately by the investigating officer of the dangerous situation.

The following morning, some hours after the accident, the deputy sheriff came to the station and found that the owners had not taken steps to remove the danger and that the canopy was swinging dangerously above the pumps. Just as the officer arrived, he saw three small children playing under the dangling canopy. Realizing that it could collapse at any moment, he called to the children to move away. However, they paid no attention to such warning, and the deputy thereupon stepped in to get them away from the danger. As he did so, the canopy fell and he was severely injured. The Michigan court held that although the action of the deputy, under ordinary circumstances, would have amounted to contributory negligence, the presence of the three small children under the canopy brought him within the rule that one who sees a person in imminent danger caused by the negligence of another cannot be charged with contributory negligence as a matter of law in risking his life or serious injury in attempting to effect a rescue.

■ We fail to see how this case in any way supports the plaintiff's position in this action. In *Parks,* there were three small children in imminent peril. In our case, no one was in danger. The record discloses that the cook and the waitress, as well as the defendant and his wife and child, were well away from the area of the broken window. No one was in imminent peril who needed to be rescued. So the rescue rule does not apply as an exception to the contributory negligence of the plaintiff if his conduct amounted to contributory negligence.

The Iowa Supreme Court, in the recent case of Henneman v. McCalla, 148 N.W.2d 447 (Iowa 1967), also considered the rescue rule. In that case, the plaintiff's decedent, a nurse's aide, while driving along the high-way, passed an accident that had just occurred, allegedly caused by the negligence of the defendant. She stopped, parked her car on the shoulder of the road, and, after placing reflectors on the highway to warn oncoming traffic, went to the car in which the injured person was found, which car had come to rest in the middle of the highway. While she was at the car attempting to assist the person in it, the car was struck by a drunk driver, killing the plaintiff's decedent. The defendant, who allegedly was responsible for the first accident which had placed the occupant of the car in the middle of the highway in imminent peril, contended that his negligence did not cause the death of the plaintiff's decedent, but that it was the drunk driver who caused her death. He also contended that the plaintiff's decedent was guilty of contributory negligence in going to the car in the middle of the highway to effect a rescue.

■ The Iowa court held that the occupant of such car was in imminent peril of being struck by oncoming traffic and that the plaintiff's decedent came within the rule which provides that one who sees a person in iminent and serious peril cannot be charged with contributory negligence as a matter of law for risking his own life or serious injury in attempting to effect a rescue, provided such attempt is not recklessly or rashly made. This rule is based upon the principle that it is commendable to save life, and, although the person attempting a rescue voluntarily exposes himself to danger, the law will not impute to him responsibility for being injured while attempting such rescue.

But that case is to be distinguished from the case before us, for in our case there was no one in imminent peril. Only the cook and the waitress, besides the defendant and his family, were in the cafe, and no one was near the broken window. No one was in imminent danger or peril. The plaintiff could have closed the cafe door to keep other persons out of the cafe, or he could have placed a ring of chairs around the dangerous area near the broken window.

But there was no one in imminent peril, making it necessary for the plaintiff to rush in and grab the broken glass, shake it, and bring the remnants of it tumbling down upon himself.

All of the cases that we have been able to find in which the plaintiff was found to come within the exception to the contributory-negligence rule, on the ground that he was trying to rescue someone in danger, are based upon the fact that someone was in imminent peril at the moment of such act. In determining the question of freedom from contributory negligence under the rescue rule, the standard used in testing whether the act was negligent is whether the action of the plaintiff was the conduct of an ordinarily prudent person under the circumstances. Cote v. Palmer, 127 Conn. 321, 16 A.2d 595 (1940). Minnesota has held that one who is injured in a voluntary attempt to rescue a person in peril because of the negligence of another may recover from the negligent person if the attempted rescue is not an act of extreme negligence. Arnold v. Northern States Power Co., 209 Minn. 551, 297 N.W. 182 (1941).

To justify risking life or serious injury while rescuing another from danger, the peril which is threatened must be imminent and real, and not speculative or imaginary, and there must be more than a supposition that an accident to some person may follow if the rescue is not performed. Holle v. Lake, 194 Kan. 200, 398 P.2d 300 (1965).

See also French v. Chase, 48 Wash. 2d 825, 297 P.2d 235 (1956), where the Washington Supreme Court held that in an action under the rescue doctrine, whether the rescuer's conduct was contributory negligence under the circumstances must be determined by what a reasonably prudent person would have done under similar circumstances. Such conduct must be judged by whether an emergency, in fact, existed. Thus this rule can be invoked only by one who is confronted with a sudden emergency through no fault of his own.

The test in every case in which the contributory negligence of the plaintiff was sought to be excused, on the ground that he comes within the exception to the contributory-negligence rule because he was trying to rescue one in danger, is whether the person he tried to save was, in fact, in any immediate or imminent peril, or whether he appeared to be in such danger that the actions of the rescuer were reasonable under the circumstances. A person who takes such steps must show that there was imminent peril, or that a reasonably prudent person, under similar circumstances, would have acted as he did.

As previously stated, in the case before us there was no one in any danger, either imminent or remote. The defendant, his wife, and his little daughter and the cook and the waitress were the only ones in the cafe, and all were well aware that there was a broken window and they were standing at a distance from the window where they could not be struck by falling glass. It cannot be held that the plaintiff was acting in the capacity of a rescuer so as to come within the rescue rule. There was no one who needed to be rescued, and we must judge the plaintiff's conduct to determine whether, under such circumstances, it was negligence.

The record shows that the plaintiff made no investigation to determine how the glass was attached or how much glass remained above the broken portion of the window. He himself admitted that he knew that removing glass could be very dangerous; that he had had previous experience in handling broken glass. He further admitted that, had he taken the time to examine the situation, he would not have done what he did do in attempting to remove the glass. In other words, he proceeded without giving the matter any thought. Since there was no imminent peril or immediate danger to anyone, and there was no one who needed to be rescued, a reasonable

man, under the circumstances, would have made at least some survey of the situation before acting and would not have recklessly and impulsively grabbed the broken glass remaining in the window, which the plaintiff mistakenly thought was smaller than it actually was. A man who realizes the danger of handling broken glass and who, without any investigation and not in the face of imminent danger or peril to anyone, rushes in and impulsively grabs broken pieces of glass and shakes them and, as a consequence, gets hurt, cannot claim that he is entitled to be considered a rescuer. The plaintiff is a grown man who had had experience with glass and he admitted that, had he taken the time to survey the situation, he would not have acted as he did.

Even assuming that the defendant might have been negligent in breaking the window, it was the plaintiff's own careless, negligent, foolish, reckless, and rash conduct that caused his injury. Where the question of contributory negligence is involved, and the facts are such that but one inference can be drawn from the evidence, contributory negligence becomes a question of law. Severinson v. Nerby, 105 N.W.2d 252 (N.D.1960).

Thus we find that the plaintiff's own negligence contributed to his injury. It was his poor judgment, in grabbing the broken glass and shaking it without first making any investigation as to how much glass remained in the window, that resulted in his injury. He failed to exercise due care, and he is responsible for the results to himself under the circumstances.

Having determined that the plaintiff was guilty of contributory negligence, it is not necessary for us to consider the second issue raised by the plaintiff on this appeal, to wit, whether the defendant was negligent. Even if the defendant were negligent, the plaintiff's contributory negligence bars his recovery. Because of what we have said above, it is not necessary that we consider the defendant's cross-appeal.

For reasons stated in this opinion, the judgment notwithstanding the verdict is affirmed.

TEIGEN, C. J., and ERICKSTAD and PAULSON, JJ., concur.

KNUDSON, Judge (dissenting).

I am unable to agree with the opinion of the majority wherein they have incorrectly applied the rules relating to judgment notwithstanding the verdict, negligence, contributory negligence and proximate cause in this case. In holding the plaintiff contributorily negligent they have invaded the province of the jury.

A motion for judgment notwithstanding the verdict, in effect, calls for a review of the trial court's ruling in denying the motion for directed verdict made at the close of all the evidence. Such motion brings before the trial court, for a second time, questions raised by the motion for directed verdict. In considering such motion, the evidence must be viewed in the light most favorable to the verdict. Johnson v. Frelich, 153 N.W.2d 775 (N.D. 1967); Erhardt v. Gold Seal Chinchillas, Inc., 144 N.W.2d 744 (N.D. 1966); Kinnischtzke v. City of Glen Ullin, 79 N.D. 495, 57 N.W.2d 588 (1953). And the verdict will not be set aside if there is any evidence to sustain it. Long v. People's Department Store, 74 N.W.2d 80 (N.D. 1956); Nicholson v. Roop, 62 N.W.2d 473 (N.D. 1954).

On motion for judgment notwithstanding the verdict, the evidence must be considered most favorably to the one in whose favor the jury returned a verdict. Linington v. McLean County, 146 N.W.2d 45 (N.D. 1966).

In Lee v. AAA North Dakota Automobile Club, 68 N.W.2d 835, 837 (N.D. 1955), we said:

Since this is an appeal from a judgment notwithstanding the verdict, the first question for decision is whether defend-

ant was entitled to a directed verdict at the time the motion for a directed verdict was made. Nicholson v. Roop, N.D., 62 N.W.2d 473; Weber v. United Hardware & Implement Mutuals Co., 75 N.D. 581, 31 N.W.2d 456; Bormann v. Beckman, 73 N.D. 720, 19 N.W.2d 455. This question in turn is dependent upon whether the evidence, when viewed in the light most favorable to the party against whom the judgment notwithstanding was entered, presents any substantial issues of fact for the jury to determine. Bormann v. Beckman, 73 N.D. 720, 19 N.W.2d 455; La Bree v. Dakota Tractor & Equipment Co., 69 N.D. 561, 288 N.W. 476.

The motion for judgment notwithstanding the verdict admits all inferences and conclusions which can reasonably be drawn from the evidence which are favorable to the party opposing the motion. Linington v. McLean County, 146 N.W.2d 45 (N.D. 1966); Schmitt v. Northern Improvement Company, 115 N.W.2d 713 (N.D. 1962).

In this case was the trial court justified in ordering judgment for the defendant notwithstanding the verdict? Our first inquiry now is as to whether, taking the view of the evidence most favorable to the plaintiff, the plaintiff can be said to have been contributorily negligent in attempting to dislodge the jagged piece of glass in the window. Did he fail to use ordinary care to examine the window to ascertain the condition and circumstances before attempting to remove the jagged piece of glass?

We conclude that it was for the jury to determine whether or not the plaintiff had used ordinary care. The court has no right or authority to invade the province of the jury. It cannot substitute its judgment for that of the jury nor usurp its privileges and functions. The majority opinion does not pass upon the insufficiency of the evidence to sustain the verdict but deliberately substitutes its own convictions and decisions on the question of fact for that of the jury. We do not sit as triers of fact as in trial de novo on appeal from a case tried to the court.

While, if we were the triers of the facts, our decision might have been contrary to that of the jury, we are not prepared to say that but one conclusion or inference could properly be deduced from the facts. * * *

Paulsen v. Modern Woodmen of America, 21 N.D. 235, 130 N.W. 231, 234 (1911).

The majority stresses that in the testimony of the plaintiff he admitted that had he taken time to examine the situation he would not have done what he did do in attempting to remove the glass. The majority concluded that he proceeded without giving the matter any thought and recklessly and impulsively grabbed the broken glass remaining in the window. However, an afterthought of what the plaintiff thought he might have done is not the test. The test of what ought to be done is fixed by the standard of what an ordinary, prudent person under the same circumstances and in the same position would do. Bagg v. Otter Tail Power Co., 70 N.D. 704, 297 N.W. 774 (1941).

In Schmitt v. Northern Improvement Company, 115 N.W.2d 713 (N.D. 1962), quoting Mr. Justice Holmes in Texas and Pacific Ry. Co. v. Behymer, 189 U.S. 468, 470, 23 S.Ct. 622, 623, 47 L.Ed. 905, we said in Syllabus 9:

> What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not.

In McCullagh v. Fortune, 76 N.D. 669, 38 N.W.2d 771, 779 (N.D. 1949), this Court said:

> "The standard by which the conduct of a person in a particular situation is judged in determining whether he was negligent is the care which an ordinarily prudent person would exercise under like circumstances. As has been said, negligence is the omission to do something which a reasonable man, guided by those considerations which ordinarily regulate

the conduct of human affairs, would do, or the doing of something which a prudent and reasonable man would not do. Concisely stated, the test of due care is the supposititious course of an ordinarily prudent and careful person under the same circumstances." 38 Am.Jur., Negligence, Sec. 30, P. 676.

"Ordinary care is such as an ordinarily prudent person would exercise under similar circumstances. That *standard* of care is unvarying, but the *degree* of care varies with the circumstances." 1 Shearman & Redfield on Negligence, Revised Edition, p. 6.

Upon the record in this case it cannot be said as a matter of law that the plaintiff was contributorily negligent in attempting to remove the jagged piece of glass from the window. In Larson v. Farmers' Elevator Co. of Dwight, 63 N.D. 396, 249 N.W. 116, 118, cited in Wolff v. Light, 156 N.W. 2d 175, 179 (N.D. 1968), we said:

Negligence and contributory negligence are primarily questions for the jury. They become questions of law only when the facts are such that reasonable men, in the exercise of reason and judgment, can draw only one conclusion therefrom. We are agreed that in this case it cannot be said that the only conclusion that reasonably could be drawn is that the plaintiff was guilty of negligence, but that, on the contrary, the situation presented here is one where intelligent men, in the exercise of reason and judgment, may come to different conclusions, and that, consequently, it was proper to submit to the jury the questions of negligence and contributory negligence, and that the decision of the jurors on these questions is binding upon the court.

The standard of conduct required of an individual is that of the supposed conduct, under similar circumstances, of a hypothetical person, the reasonable man of ordinary prudence who represents a community ideal of reasonable behavior of persons of the same age, intelligence, and experience.

Sheets v. Pendergrast, 106 N.W.2d 1 (N.D. 1960).

The standard to be used in determining whether or not a party has been guilty of contributory negligence such as will defeat his recovery is whether his actions were those of an ordinarily prudent person in the same circumstances and in the same position. Olson v. Cass County Electric Co-Operative, Inc., 94 N.W.2d 506 (N.D. 1959); Bagg v. Otter Tail Power Co., 70 N.D. 704, 297 N.W. 774 (1941).

Ordinarily questions of negligence, contributory negligence and proximate cause are questions of fact for the jury. McCullagh v. Fortune, 76 N.D. 669, 38 N.W.2d 771 (1949).

We said in Titus v. Titus, 154 N.W.2d 391 (N.D. 1967), that issues of negligence and contributory negligence generally have to be tried. Even where there is no dispute as to facts it is usually for the jury to determine all the inferences and conclusions which may reasonably be drawn from the evidence favorable to the party opposing the motion, whether the conduct in question met the standard of the reasonable man.

The question of negligence is for the jury when different minds may reasonably draw different conclusions from the evidence. Burt v. Lake Region Flying Service, 78 N.D. 928, 54 N.W.2d 339 (1952).

In an action to recover damages for personal injuries, the questions whether the defendant has been negligent, and whether the plaintiff has been contributorily negligent, are for the jury to determine. "Not only where there is room for difference of opinion between reasonable men as to the existence of the facts—from which it is proposed to infer negligence, but also where there is room for such a difference as to the inferences which might be fairly drawn from concealed facts." Shearman & Redfield on Negligence (6th ed.) § 54, cited in McCullagh v. Fortune, 76 N.D. 669, 38 N.W. 2d 771 (1949).

In Paulsen v. Modern Woodmen of America, 21 N.D. 235, 243, 130 N.W. 231, 234, this Court said:

> Ordinarily the question of what inferences are deducible from the evidence is peculiarly a question for the jury, and it is only in rare instances that the court is justified in determining such question as a matter of law. If it can be said that reasonable men may fairly differ as to the inferences to be deduced from all the circumstances disclosed, it is a proper case for the jury.

In Carr v. Minneapolis, St. P. & S. S. M. Ry. Co., 16 N.D. 217, 112 N.W. 972, 974, the Court said:

> Contributory negligence, as well as negligence of the defendant, are questions for the jury in a case at law, unless the conceded facts from which the inference must be drawn admit of only one conclusion. If the facts are such that different, impartial minds might fairly draw different conclusions from them, they should be submitted to the jury, and are only for the court when such that fair-minded men might draw only one conclusion from them.

In Taylor v. Minneapolis, St. P. & S. S. M. Ry. Co., 63 N.D. 332, 248 N.W. 268, 269, the rule is laid down that:

> "In determining this issue the court must adopt the view of the evidence which is most favorable to the opposing party." In Leonard v. North Dakota Co-Operative Wood Marketing Ass'n, 72 N.D. 310, 6 N.W.2d 576, 579, the court says: "The jury having returned a verdict for the plaintiff is presumed to have determined all questions of fact within the jury's province in favor of the plaintiff."

Considering the evidence in the light of these rules, can this court say as a matter of law that the defendant was entitled to a directed verdict? May not reasonable men differ on the conclusion to be drawn from the facts shown in evidence? Do the circumstances not dispute the evidence of the defendants?

\* \* \* \* \* \*

If, under the evidence, reasonable men may honestly differ, the ultimate question is one of fact for the jury.

Smith v. Knutson, 76 N.D. 375, 36 N.W. 2d 323 (1949).

Considering the record as a whole I come to the conclusion that the defendant was not entitled to a directed verdict when the motion was made at the close of the evidence. It follows that granting a judgment notwithstanding the verdict was error and must be reversed.

I adhere to what we said in Wolff v. Light, *supra,* on the questions of negligence of the defendant, proximate cause and intervening cause. These are matters that should be left to the jury to determine.