**INDIANA CONSOLIDATED INSURANCE CO., Appellant,**

v.

**Robert D. MATHEW, Appellee.**

**No. 3–578A135.**

Court of Appeals of Indiana, Third District.

April 2, 1980.

Paul C. Raver, Sr., and Solomon L. Lowenstein, Jr., Fort Wayne, for appellant.

Samuel S. Thompson and Jerry T. Gorman, Thornburg, McGill, Deahl, Harman, Carey & Murray, Elkhart, for appellee.

HOFFMAN, Judge.

Appellant Indiana Consolidated Insurance Company seeks review of the finding that Robert D. Mathew (Mathew) did not act in a negligent manner so as to be liable for damages done to his brother's garage when a Toro riding lawnmower that Mathew was starting caught fire. Appellant insured the garage and premises under a homeowner's insurance policy and is pursuing this claim against Mathew by virtue of its subrogation rights.

Appellant presents two allegations of error, whether the court erred as a matter of law in finding that Mathew's actions did not constitute negligence and whether the trial court erred in overruling its motion to reconsider.

Appellant correctly recognizes that it is appealing a negative judgment. As such the decision below can only be reversed if the evidence is uncontradicted and will support no reasonable inference in favor of the finding. *Taxpayers Lobby v. Orr* (1974), 262 Ind. 92, 311 N.E.2d 814. Upon such review the evidence is not to be reweighed or issues of credibility resolved, and the evidence is to be scrutinized from a standpoint most favorable to the judgment below. *Link v. Sun Oil Co. et al.* (1974), 160 Ind.App. 310, 312 N.E.2d 126.

With this standard in mind, the facts favorable to Mathew disclose that on May 1, 1976 Mathew's brother was out of town for the weekend. The two brothers lived across the street from each other and took turns mowing both lawns. In the late afternoon Mathew decided to mow both lawns and went to his brother's garage where a twelve horsepower Toro riding lawnmower

was stored. The mower was approximately eight years old, was kept in good mechanical condition, and had required only minor tune-ups and belt replacements for the rotary mower assembly. Mathew pulled the mower away from the side wall of the garage and after checking the gas gauge filled the lawnmower approximately three-fourths full with gasoline using a funnel. He then went back across the street to his home for approximately twenty minutes. Upon returning to the garage Mathew started the lawnmower. However, he noticed a flame in the engine area under the hood and immediately shut the engine off. He opened the hood and saw a flame four to five inches tall under the gas tank. Using some clean towels Mathew tried to snuff out the flame but was unsuccessful. He could find no other means to extinguish the fire. The flames continued to grow and the machine began spewing gasoline, so he ran to his home to call the fire department. He returned to find the garage totally engulfed in flames.

At trial Mathew testified that he was afraid to try to push the flaming machine outside the garage for fear that the tank would explode in his face.

Indiana Consolidated brought this action against Mathew alleging that he breached a duty owed to his brother to exercise due care in starting the lawnmower and therefore stands liable for the damages resulting from his negligence. After a bench trial the Court below entered the following finding, to-wit:

"The Court having heretofore taken this matter under advisement and having considered the evidence introduced in the trial of this cause and being sufficiently advised, now enters Findings as follows: The Court now finds from the evidence concerning the past activities concerning the defendant in this cause and his involvement with the mower in question and the practices which he followed and from all of the circumstances present in this case that the defendant, Robert D. Mathew, did not act in any manner other than a reasonable prudent person would act under the same or similar circumstances; the Court further finds that there is no evidence of negligence on the part of the defendant, Robert D. Mathew, and that the plaintiff should take nothing by its complaint.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that the plaintiff, Indiana Consolidated Insurance Company, take nothing by its complaint; and Judgment is entered for and on behalf of the defendant, Robert D. Mathew. Costs of this action are taxed to the plaintiff."

■ On appeal appellant contends that the judgment is contrary to law because Mathew was negligent in filling the gas tank, in starting the mower in an enclosed area, and in failing to push the flaming mower out of the garage. The standard by which Mathew's conduct is to be measured is whether he exercised the duty to use due care in operating the mower that an ordinary prudent man would exercise under the same or similar circumstances.

See: *New York Central R.R. Co. v. Casey* (1938), 214 Ind. 464, 14 N.E.2d 714; *Orth v. Smedley* (1978), Ind.App., 378 N.E.2d 20; *Pierce v. Horvath et al.* (1968), 142 Ind.App. 278, 233 N.E.2d 811.

■ The record amply supports the finding that Mathew did not act in a negligent manner in filling the gas tank. He testified that he did so carefully, with the use of a funnel. He did not fill the tank full, and he was adamant in his belief that he did not spill any gasoline. He hypothesized that even had any gas been spilled it would have evaporated in the cool air during the twenty-minute period before he started the mower. Appellant is merely asking this Court to reweigh the evidence in regard to any gasoline spillage due to Mathew's admission on cross-examination that he *could* have spilled some fuel. The trier of fact resolved this issue in favor of Mathew, finding that he exercised due care in fueling the mower, and it must remain undisturbed upon appeal. Appellant is again reminded that any conflicts in testimony when appeal from a negative judgment is taken must be resolved in favor of the appellee. *Conard v. Mitchell Industries et al.* (1973), 155 Ind. App. 110, 291 N.E.2d 577.

Appellant's contention that Mathew should be held liable for the act of negligently starting the mower inside the garage is also without merit. It cannot seriously be contended that the evidence shows that Mathew acted other than a reasonably prudent man in pulling the mower out into an open area of the garage and starting it. The mower was a riding type that was of considerable weight and size. Garages are designed to permit the starting of motorized vehicles such as automobiles and are commonly used for such purpose. That this particular mower would catch fire at this particular time was not reasonably foreseeable. As one is not required to anticipate that which is unlikely to happen, the trial court did not err in determining that Mathew was not negligent in starting the mower inside the garage.

See: *Geyer v. City of Logansport et al.* (1977), 267 Ind. 334, 370 N.E.2d 333; *Stayton v. Funkhouser* (1970), 148 Ind. App. 75, 263 N.E.2d 764.

Appellant's further allegation that Mathew negligently failed to push the flaming mower out of the garage area is refuted by the evidence that the machine was spewing gasoline and that he was afraid for his safety should the tank explode. Mathew therefore chose to leave and summon help from the local fire department. One who is confronted with a sudden emergency not of his own making is not chargeable with negligence if he acts according to his best judgment. *Lovely v. Keele* (1975), 166 Ind.App. 106, 333 N.E.2d 866. The sudden emergency doctrine requires the person so confronted to do that which an ordinary prudent man would do under like circumstances. Mathew's course of action can be deemed an exercise of ordinary prudence. The law values human life above property. Greater risk of one's person is justified to save life than is reasonable in protecting property. If Mathew had tried to push the riding mower ten feet into an open area the machine might have exploded and caused much graver damage to his person than was suffered by the destruction of the garage. Contrary to appellant's position several jurisdictions have ruled that one may be deemed negligent in voluntarily risking life or serious injury for the purpose of saving mere property.

See: *Flowers v. Slash Pine Electric Membership Corp.* (1970), 122 Ga.App. 254, 176 S.E.2d 542; *Holle v. Lake* (1965), 194 Kan. 200, 398 P.2d 300; *Ellmaker v. Goodyear Tire & Rubber Co.* (Mo.App. 1963), 372 S.W.2d 650; *Morgan v. Treadwell* (1938), 23 Tenn.App. 100, 126 S.W.2d 888.

Appellant also appeals the denial of its motion to reconsider, which spoke to the issue of causation. The trial court did not find that Mathew was negligent and thus did not consider the issue of proximate cause, and it is not a proper issue before this Court.

The judgment is not contrary to law and is therefore affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.